1  Matthew D. Carlson (State Bar No. 273242)
2  CARLSON LEGAL SERVICES
   100 Pine Street, Suite 1250
3  San Francisco, California 94111
   Telephone: (510) 239-4710
4  Email: mcarlson@carlsonlegalservices.com

5

6  Attorney for Plaintiff

7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

11

12 KEWAL SHRESTHA, on behalf of himself and      **Case No.:**
   all others similarly situated,
13                                               **COMPLAINT FOR: (1) VIOLATION
                                                 OF THE CALIFORNIA CONSUMER
14              Plaintiff,                        LEGAL REMEDIES ACT (CAL. CIV.
                                                 CODE §§ 1750, *et seq.*); (2)
15       v.                                       VIOLATION OF THE CALIFORNIA
                                                 UNFAIR COMPETITION LAW
16 THE HERTZ CORPORATION, AMERICAN              (UNLAWFUL BUSINESS
   TRAFFIC SOLUTIONS, INC., and                  PRACTICES) (CAL. BUS. & PROF.
17 PLATEPASS, LLC,                               CODE §§ 17200, *et seq.*); (3)
                                                 VIOLATION OF THE CALIFORNIA
18              Defendants.                       UNFAIR COMPETITION LAW
                                                 (UNFAIR BUSINESS PRACTICES)
19                                               (CAL. BUS. & PROF. CODE § 17200, *et
                                                 seq.*); and (4) VIOLATION OF THE
20                                               CALIFORNIA UNFAIR
                                                 COMPETITION LAW (FRAUDULENT
21                                               BUSINESS PRACTICES) (CAL. BUS.
                                                 & PROF. CODE § 17200, *et seq.*);
22
                                                 **CLASS ACTION**
23
                                                 **JURY TRIAL DEMANDED**
24

25

26

27

28

                        COMPLAINT - 1

Plaintiff Kewal Shrestha (hereafter "Plaintiff"), by and through his attorney, brings this action on behalf of himself and all others similarly situated against Defendants The Hertz Corporation ("Hertz"), American Traffic Solutions, Inc. ("ATS"), and PlatePass, LLC ("PlatePass") (collectively, "Defendants") and alleges as follows:

## I. NATURE OF THE ACTION

1.  Plaintiff and putative class members are certain individuals who have rented vehicles from Hertz in the State of California. Hertz, ATS, and PlatePass have, jointly, implemented a scheme pursuant to which Defendants actively withhold the fact that renters of Hertz vehicles are able to pay the toll for the Golden Gate Bridge without utilizing Defendants' PlatePass "service" – a service that results in millions of dollars in service fees paid by consumers to Defendants. This scheme, described in more detail below, is a violation of California law, including the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*, ("CLRA") and the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL").

2.  As set forth in Hertz's vehicle rental agreements, renters are automatically enrolled and charged for a the PlatePass service, whereby any time a renter without a personal FasTrak transponder uses a non-cash lane at a toll plaza, he or she is charged by Defendants the cost of the toll, plus a "service fee" of $4.95 per day, including days on which the renter does not go through a toll, for the duration of the rental agreement, capped at $24.75 per rental period.

3.  On March 27, 2013, Golden Gate Bridge Highway and Transportation District (hereafter "the District"), the entity responsible for tolls on the Golden Gate Bridge, eliminated the cash payment lanes at the Golden Gate Bridge toll plaza. However, the District *does* accept direct payments for tolls that do not require the use of a FasTrak transponder or the PlatePass service. Drivers have the option of paying within 48 hours of crossing the bridge at one of 130 cash payment kiosks throughout the bay area, or online, or over the

phone. There are no additional fees charged by the District for making a payment in these ways. Alternatively, drivers have the option of paying the toll by mail upon receipt of a toll invoice sent by the District. There are no additional fees charged by the District for making a payment in this way.

4.     However, Defendants do not disclose these payment options to Hertz renters, and instead allow Hertz renters to believe that PlatePass service fees arising from traveling through the tolls on the Golden Gate Bridge are unavoidable.

5.     Moreover, Plaintiff is informed and believes that Hertz renters are in fact precluded from utilizing the District's pay by mail option because, pursuant to the PlatePass system, Defendants automatically advance the toll payment for Hertz renters when the renters go through the toll, and, under such circumstances, the District does not mail a toll invoice to renters.

6.     Defendants have a duty to disclose the above-described payment options to Hertz renters because Defendants actively conceal these options from renters by stating on the PlatePass website that renters do not have a cash option to pay the Golden Gate Bridge toll when, in fact, renters have the option to pay cash at kiosks, and utilize the other payment options as described above.[1]

7.     Defendants also have a duty to disclose the above-described payment options to Hertz renters because Defendants partially – and accurately – represent that the Golden Gate Bridge *tolls* do not accept cash, but also suppress the material fact that Hertz renters are able to pay the District at *other* locations or by other means, using cash or other options.

//

---

1.     On the platepass.com website, at platepass.com/locations, PlatePass identifies all electronic tolling systems with which it is compatible, including the FasTrak tolling system in the San Francisco Bay Area. (**Exhibit A**.) It further identifies, with an asterisk, tolling facilities that "no longer accept cash" and states: "If you use any of these facilities without using a personal toll transponder you will be charged for using PlatePass as no cash option is available." *Id.* One tolling facility identified with an asterisk is the Golden Gate Bridge. *Id.* Hertz customers are directed to the platepass.com website at the point of sale, both online and at physical Hertz locations.

8.    The District has been attempting to convince car rental companies like Hertz to be more transparent about how the Golden Gate Bridge toll payment system works and to encourage rental car companies to make full and complete disclosure to customers so that customers are not charged avoidable and exorbitant service fees. For example, a June 4, 2015 article on sfgate.com reported that "Diana Fehler, a Golden Gate Bridge District spokeswoman, said the agency has worked with car rental companies to help eliminate the confusion and ensure that they let customers know they can pay their tolls directly to the district without incurring what the companies call service or convenience fees." And yet, when Plaintiff called Hertz to clarify the PlatePass charge on his credit card bill, he was told, "it is not [Hertz's] job to educate [him]."

9.    Defendants' failure to disclose the fact that the District does, in fact, accept payments by the above-described means, and its active concealment and partial representations pertaining to this fact, are designed to trick Hertz renters into incurring avoidable service fees, and has resulted in millions of dollars of ill-gained profits to Defendants.

## II. JURISDICTION

10.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) (the Class Action Fairness Act of 2005 ("CAFA")) because the amount in controversy exceeds the value of $5 million, because the class contains 100 or more putative class members, and because Plaintiff and Defendants are residents of different states.

11.   The Court has jurisdiction over Hertz because Hertz purposefully avails itself of the privilege of conducting activities in California by, *inter alia*, selling rental car services in California.

12.   The Court has jurisdiction over ATS and PlatePass because, together, the companies purposefully avail themselves of the privilege of conducting activities in California by, *inter alia*, collecting service fees from Hertz renters in California.

### III. VENUE

13.    This Court is the proper venue for this matter pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claims occurred in the Northern District of California.

### IV. PARTIES

14.    Plaintiff Kewal Shrestha is a citizen of California, domiciled in San Jose, California.

15.    Defendant Hertz is a Delaware corporation with its principal place of business in Naples, Florida, and is registered to conduct business in California. Hertz is engaged in the business of, *inter alia*, renting vehicles to consumers in California and around the world. Hertz maintains numerous car rental offices throughout California, and maintains a website available to California consumers.

16.    Defendant ATS is a Kansas corporation with its principal place of business in Tempe, Arizona, and is registered to conduct business in California. ATS is engaged in the business of electronic toll enforcement programs throughout the country, including California.

17.    Defendant PlatePass is a Delaware limited liability company and is an operational division of ATS that administers ATS's PlatePass system and collects tolls and PlatePass administrative fees throughout the country, including California. PlatePass's principle place of business is in Scottsdale, Arizona.

18.    ATS and PlatePass jointly maintain a website, www.platepass.com, available to California consumers.

19.    Plaintiff is informed and believes that, at all relevant times, Defendants have worked together, as a single enterprise, to carry out the acts and omissions described herein for profit. Plaintiff is informed and believes that each of the Defendants have acted in concert with each and every other Defendant, have intended to and did participate in the events, acts, practices and courses of conduct alleged herein, and have been a cause of

damage and injury thereby to Plaintiff and all putative Class Members.

20.    For example, the Hertz website (www.hertz.com) specifically refers to PlatePass as a "partner." There is a section on Hertz's website that describes, in part, how PlatePass works. There are numerous links to PlatePass's website from Hertz's website, including in Hertz's online terms and conditions. In Hertz's "Frequently Asked Questions" section of its website, it directs consumers to contact PlatePass at PlatePass's website, telephone number, or email address regarding PlatePass toll charges and fees. Additionally, printed materials at Hertz locations describe how PlatePass works and directs consumers to PlatePass's website. PlatePass's website (www.platepass.com) explains, "PlatePass is offered by Hertz."

21.    Further, notwithstanding corporate formalities, ATS and PlatePass have combined operations, and at all times material to this litigation, ATS has actively directed and controlled the daily activities of PlatePass and totally dominated it, to the extent that PlatePass manifested no separate corporate interests of its own and functioned solely to achieve the purposes of ATS.

## V. ADDITIONAL FACTUAL ALLEGATIONS

22.    On or about December 1, 2014, Plaintiff rented a vehicle from Hertz's Alameda Road, San Jose, California location. Plaintiff had previously reserved the vehicle online through Hertz's website. Plaintiff and his friends used the vehicle to take a road trip to Portland, Seattle, and back to the Bay Area.

23.    On or about December 1, 2014, Plaintiff drove his Hertz rental vehicle southbound over the Golden Gate Bridge and through the Golden Gate Bridge toll plaza.

24.    Plaintiff returned the rental car to Hertz on or about December 3, 2014.

25.    Months later, on February 5, 2015, Plaintiff viewed a charge on his credit card statement from "PlatePass Hertz Tolls" in the amount of $21.85, arising exclusively from his use of the Golden Gate Bridge toll plaza.

26.     Pursuant to Defendants' policy, this charge was based on the actual cost of the Golden Gate Bridge toll, plus the applicable daily PlatePass service fee.

27.     Plaintiff was unaware that he could have paid for the Golden Gate Bridge toll online, over the phone, or at one of 130 cash-payment kiosks in the bay area, thereby avoiding the PlatePass service fee. He was also unaware that he could have paid the toll by mail upon receipt of a toll invoice sent by the District, thereby avoiding the PlatePass service fee.

28.     Further, Plaintiff is informed and believes that he was actually precluded from utilizing the pay by mail option because, pursuant to the PlatePass system, Defendants automatically advanced the toll payment for Plaintiff when he went through the Golden Gate Bridge toll, and, therefore, the District did not send Plaintiff a toll invoice.

29.     Plaintiff would have used one of these payment options instead of using PlatePass had he been aware of them.

30.     Defendants have a duty to disclose the fact that Hertz renters are able to pay the Golden Gate Bridge toll online, over the phone, or at a cash-payment kiosks within 48 hours of crossing the bridge, or by mail upon receipt of a toll invoice, thereby avoiding the PlatePass service fee, because (1) Defendants actively conceal this fact from Plaintiff and the putative classes by stating on its website that renters do not have a cash option to pay the Golden Gate Bridge toll; and because (2) Defendants make the partial representation that that the Golden Gate Bridge tolls do not accept cash, but suppress the material fact that Hertz renters are able to pay the Golden Gate Bridge toll online, over the phone, or at a cash-payment kiosks within 48 hours of crossing the bridge, or by mail upon receipt of a toll invoice, thereby avoiding the PlatePass service fee.

31.     Defendants' failure to disclose the fact that Hertz renters are able to pay the Golden Gate Bridge toll online, over the phone, or at a cash payment kiosks within 48 hours of crossing the bridge, or by mail upon receipt of a toll invoice, thereby avoiding the

PlatePass service fee, and its attendant active concealment and partial representations concerning that fact, is material because a reasonable consumer would deem the existence of the option to avoid the service fee important in determining his or her options with respect to paying the Golden Gate Bridge toll.

32. Defendants' failure to disclose the fact that Hertz renters are able to pay the Golden Gate Bridge toll online, over the phone, or at a cash-payment kiosks within 48 hours of crossing the bridge, or by mail upon receipt of a toll invoice, thereby avoiding the PlatePass service fee, and its attendant active concealment and partial representations concerning that fact, is likely to deceive members of the public.

33. Plaintiff and putative Class Members suffered harm in the amount of the service fee(s) charged by Defendants.

34. Defendants knew, or should have known, that its failure to disclose the fact that Hertz renters are able to pay the Golden Gate Bridge toll online, over the phone, or at a cash-payment kiosks within 48 hours of crossing the bridge, or by mail upon receipt of a toll invoice, thereby avoiding the PlatePass service fee, and its attendant active concealment and partial representations concerning that fact, is misleading, and is intended to trick potential customers into incurring avoidable service fees. Defendants therefore intended and continue to intend to cause injury to Plaintiff and putative class members or engaged in despicable conduct with a willful and conscious disregard for their customers' rights.

## VI. FIRST CLAIM

### Violation Of The California Consumer Legal Remedies Act

### (Cal. Civ. Code § 1750, *et seq.*)

35. Plaintiff, on behalf of himself and members of putative class associated with this claim, realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein.

//

36.  The CLRA prohibits unfair methods of competition and unfair or deceptive acts or practices in connection with the sale or lease of goods or services to a consumer, and specifically proscribes, *inter alia*:

    a.  Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have.

    b.  Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

    c.   Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

37.  The CLRA extends to both affirmative representations as well as omissions if a defendant has a duty to disclose such omission.

38.  Defendants has a duty to disclose the fact that Hertz renters are able to pay the Golden Gate Bridge toll online, over the phone, or at a cash-payment kiosks within 48 hours of crossing the bridge, or by mail upon receipt of a toll invoice, thereby avoiding the PlatePass service fee, because of its active concealment and partial representations concerning that fact.

39.  Defendants' failure to disclose the fact that Hertz renters are able to pay the Golden Gate Bridge toll online, over the phone, or at a cash-payment kiosks within 48 hours of crossing the bridge, or by mail upon receipt of a toll invoice, thereby avoiding the PlatePass service fee, is an omission of material fact because Plaintiff would have elected to pay for the toll online, over the phone, or at a cash-payment kiosks within 48 hours of crossing the bridge, or by mail upon receipt of a toll invoice, thereby avoiding the PlatePass service fee, had Defendants informed him of these payment options.

//

40.     A reasonable person would attach importance to the fact that Hertz renters are able to pay the Golden Gate Bridge toll online, over the phone, or at a cash-payment kiosks within 48 hours of crossing the bridge, or by mail upon receipt of a toll invoice, thereby avoiding the PlatePass service fee, in determining how to pay for the Golden Gate Bridge toll.

41.     Plaintiff and members of the putative class associated with this claim suffered harm as a result of Defendants' violation of the CLRA and are entitled to injunctive relief and restitution or disgorgement according to proof. Pursuant to Cal. Civ. Code § 1782(d), Plaintiff expressly reserves the right to file an amended complaint requesting statutory minimum damages, actual damages, and punitive damages after compliance with the notice requirements of Cal. Civ. Code § 1782.

42.     Plaintiff has filed an Affidavit of Venue as required by the CLRA. (*See* **Exhibit B**.)

## VII.  SECOND CLAIM

### Violation of the California Unfair Competition Law (Unlawful Business Practices)

### (Cal. Bus. & Prof. Code § 17200, *et seq.*)

43.     Plaintiff, on behalf of himself and members of the putative class associated with this claim, reallege and incorporate by reference the allegations in the preceding paragraphs as if fully alleged herein.

44.     The "unlawful" prong of the UCL borrows violations of other laws and treats them as unlawful practices, which the UCL then makes independently actionable. Thus, a violation of the CLRA is also an unlawful business practice.

45.     Defendants' omission of the fact that Hertz renters are able to pay the Golden Gate Bridge toll online, over the phone, or at a cash-payment kiosks within 48 hours of crossing the bridge, or by mail upon receipt of a toll invoice, thereby avoiding the PlatePass service fee, and its attendant active concealment and partial representations concerning that fact, is a violation of the CLRA, and is therefore an unlawful business

practice in violation of the UCL.

46.  Plaintiff and members of the putative class associated with this claim suffered harm as a result of Defendants' unlawful business practice and are entitled to injunctive relief and restitution or disgorgement according to proof.

### VIII. THIRD CLAIM

### Violation of the California Unfair Competition Law (Unfair Business Practices)

### (Cal. Bus. & Prof. Code § 17200, *et seq.*)

47.  Plaintiff, on behalf of himself and members of the putative class associated with this claim, reallege and incorporate by reference the allegations in the preceding paragraphs as if fully alleged herein.

48.  The UCL creates a claim for a business practice that is unfair even if not specifically proscribed by some other law.

49.  Defendants' failure to disclose the fact that Hertz renters are able to pay the Golden Gate Bridge toll online, over the phone, or at a cash-payment kiosks within 48 hours of crossing the bridge, or by mail upon receipt of a toll invoice, thereby avoiding the PlatePass service fee, and its attendant active concealment and partial representations concerning that fact, is an unfair business practice because, as described herein, is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.

50.  Defendants' failure to disclose the fact that Hertz renters are able to pay the Golden Gate Bridge toll online, over the phone, or at a cash-payment kiosks within 48 hours of crossing the bridge, or by mail upon receipt of a toll invoice, thereby avoiding the PlatePass service fee, and its attendant active concealment and partial representations concerning that fact, is unfair as declared by State of California's legislated policy against (1) unfair methods of competition and unfair or deceptive acts or practices in connection with the sale or lease of goods or services to a consumer as codified in the CLRA; and (2) imposing unavoidable service charges in connection with the rental of a

vehicle as codified in Cal. Civ. Code § 1936.

51.   Additionally, Defendants' failure to disclose the fact that Hertz renters are able to pay the Golden Gate Bridge toll online, over the phone, or at a cash-payment kiosks within 48 hours of crossing the bridge, or by mail upon receipt of a toll invoice, thereby avoiding the PlatePass service fee, and its attendant active concealment and partial representations concerning that fact, is an unfair business practice because it is of no utility except to provide Defendants with ill-gotten gains, and is far exceeded by the gravity of harm of charging service fees to putative class members.

52.   Plaintiff and the putative class associated with this claim suffered harm as a result of Defendants' unfair business practice and are entitled to injunctive relief and restitution or disgorgement according to proof.

## IX.  FOURTH CLAIM

### Violation of the California Unfair Competition Law (Fraudulent Business Practices)

### (Cal. Bus. & Prof. Code § 17200, *et seq.*)

53.   Plaintiff, on behalf of himself and the putative class associated with this claim, reallege and incorporate by reference the allegations in the preceding paragraphs as if fully alleged herein.

54.   The UCL prohibits as fraudulent business practices those practices that are likely to deceive members of the public.

55.   Defendants' failure to disclose the fact that Hertz renters are able to pay the Golden Gate Bridge toll online, over the phone, or at a cash-payment kiosks within 48 hours of crossing the bridge, or by mail upon receipt of a toll invoice, thereby avoiding the PlatePass service fee, and its attendant active concealment and partial representations concerning that fact, is likely to deceive members of the public.

//

//

56. Plaintiff and the putative class associated with this claim suffered harm as a result of Defendants' fraudulent business practice and are entitled to injunctive relief and restitution or disgorgement according to proof.

## X. CLASS ALLEGATIONS (CLRA CLAIM)

57. Plaintiff's claim for Defendants' violation of the CLRA is brought on behalf of himself and all others similarly situated pursuant to the class action mechanism set forth in Federal Rule of Civil Procedure 23(a) and (b)(3).

58. This putative class, hereafter referred to as the "CLRA Class" is defined as:

> All individuals who, between March 27, 2013 and the resolution of this action, rented a car from a Hertz location in California and who were charged a PlatePass fee arising exclusively from driving through the Golden Gate Bridge toll plaza.

59. Excluded from the class are Defendants' officers and directors, attorney(s) for the class, any judge who sits on this case, and any person who previously settled or adjudicated a claim involving a dispute over the claims asserted herein within the class period.

### A. ASCERTAINABILITY

60. Plaintiff is informed and believes that it is administratively feasible to determine class members with Defendants' records of assessed PlatePass fees.

### B. NUMEROSITY

61. Plaintiff is informed and believes that tens of thousands or hundreds of thousands of individuals are in the proposed class.

### C. COMMONALITY

62. Members of the CLRA Class share common issues of law, including whether Defendants' practice of failing to disclose the fact that Hertz renters are able to pay the Golden Gate Bridge toll online, over the phone, or at a cash-payment kiosks within 48 hours of crossing the bridge, or by mail upon receipt of a toll invoice, thereby avoiding the PlatePass service fee, is a violation of the CLRA.

63. The common issue of law can be answered with proof common to members of the CLRA Class, including that it is Defendants' uniform practice to fail to disclose the fact that Hertz renters are able to pay the Golden Gate Bridge toll online, over the phone, or at a cash-payment kiosks within 48 hours of crossing the bridge, or by mail upon receipt of a toll invoice, thereby avoiding the PlatePass service fee.

64. Members of the CLRA Class share common issues of fact, including whether Defendants' failure to disclose the fact that Hertz renters are able to pay the Golden Gate Bridge toll online, over the phone, or at a cash-payment kiosks within 48 hours of crossing the bridge, or by mail upon receipt of a toll invoice, thereby avoiding the PlatePass service fee, is a material non-disclosure (i.e., whether a reasonable person would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question).

**D.   TYPICALITY**

65. Plaintiff's CLRA claim is reasonably co-extensive with claims of the members of the CLRA Class, if not substantially identical.

**E.   ADEQUACY**

66. Plaintiff is a member of the CLRA Class and will fairly and adequately represent and protect the interests of the members of the CLRA Class. Plaintiff has no conflicts of interests with members of the CLRA Class and will prosecute the action vigorously on behalf of the class.

67. Counsel for Plaintiff is competent and experienced in litigating class actions and will fairly and adequately represent and protect the interests of the members of the CLRA Class. Counsel has no conflicts of interests with members of the CLRA Class and will prosecute the action vigorously on behalf of the class.

//

//

**F.    PREDOMINANCE**

68.    Common questions of law and fact predominate over individual issues with respect to Plaintiff's CLRA claim because Defendants' practice of failing to disclose the fact that Hertz renters are able to pay the Golden Gate Bridge toll online, over the phone, or at a cash-payment kiosks within 48 hours of crossing the bridge, or by mail upon receipt of a toll invoice, thereby avoiding the PlatePass service fee, is a uniform non-disclosure.

**G.    SUPERIORITY**

69.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because of the small monetary value of the CLRA claim asserted by Plaintiff and members of the CLRA Class and because adjudicating Plaintiff's CLRA claim on a class basis will be significantly less burdensome to the judicial system than if the matter were prosecuted individually.

**XI.    CLASS ALLEGATIONS (UCL CLAIM – UNLAWFUL BUSINESS PRACTICES)**

70.    Plaintiff's claim for Defendants' violation of the "unlawful" prong of the UCL is brought on behalf of himself and all others similarly situated pursuant to the class action mechanism set forth in Federal Rule of Civil Procedure 23(a) and (b)(3).

71.    This putative class, hereafter referred to as the "Unlawful Business Practices Class" is defined as:

> All individuals who, between March 27, 2013 and the resolution of this action, rented a car from a Hertz location in California and who were charged a PlatePass fee arising exclusively from driving through the Golden Gate Bridge toll plaza.

72.    Excluded from the class are Defendants' officers and directors, attorney(s) for the class, any judge who sits on this case, and any person who previously settled or adjudicated a claim involving a dispute over the claims asserted herein during the class period.

//

//

**A.    ASCERTAINABILITY**

73.    Plaintiff is informed and believes that it is administratively feasible to determine class members with Defendants' records of assessed PlatePass fees.

**B.    NUMEROSITY**

74.    Plaintiff is informed and believes that tens of thousands or hundreds of thousands of individuals are in the proposed class.

**C.    COMMONALITY**

75.    Members of the Unlawful Business Practices Class share common issues of law, including whether Defendants' practice of failing to disclose the fact that Hertz renters are able to pay the Golden Gate Bridge toll online, over the phone, or at a cash-payment kiosks within 48 hours of crossing the bridge, or by mail upon receipt of a toll invoice, thereby avoiding the PlatePass service fee, is a violation of the CLRA and, therefore, an unlawful business practice.

**D.    TYPICALITY**

76.    Plaintiff's unlawful business practices claim is reasonably co-extensive with claims of the members of the Unlawful Business Practices Class, if not substantially identical.

**E.    ADEQUACY**

77.    Plaintiff is a member of the Unlawful Business Practices Class and will fairly and adequately represent and protect the interests of the members of the Unlawful Business Practices Class. Plaintiff has no conflicts of interests with members of the Unlawful Business Practices Class and will prosecute the action vigorously on behalf of the class.

78.    Counsel for Plaintiff is competent and experienced in litigating class actions and will fairly and adequately represent and protect the interests of the members of the Unlawful Business Practices Class. Counsel has no conflicts of interests with members of the Unlawful Business Practices Class and will prosecute the action vigorously on behalf of the class.

**F.    PREDOMINANCE**

79.   Common questions of law and fact predominate over individual issues with respect to Plaintiff's unlawful business practices claim because Defendants' practice of failing to disclose the fact that Hertz renters are able to pay the Golden Gate Bridge toll online, over the phone, or at a cash-payment kiosks within 48 hours of crossing the bridge, or by mail upon receipt of a toll invoice, thereby avoiding the PlatePass service fee, is a uniform non-disclosure.

**G.    SUPERIORITY**

80.   A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because of the small monetary value of the unlawful business practices claim asserted by Plaintiff and members of the Unlawful Business Practices Class and because adjudicating Plaintiff's unlawful business practices claim on a class basis will be significantly less burdensome to the judicial system than if the matter were prosecuted individually.

**XII.  CLASS ALLEGATIONS (UCL CLAIM – UNFAIR BUSINESS PRACTICES)**

81.   Plaintiff's claim for Defendants' violation of the "unfair" prong of the UCL is brought on behalf of himself and all others similarly situated pursuant to the class action mechanism set forth in Federal Rule of Civil Procedure 23(a) and (b)(3).

82.   This putative class, hereafter referred to as the "Unfair Business Practices Class" is defined as:

> All individuals who, between March 27, 2013 and the resolution of this action, rented a car from a Hertz location in California and who were charged a PlatePass fee arising exclusively from driving through the Golden Gate Bridge toll plaza.

83.   Excluded from the class are Defendants' officers and directors, attorney(s) for the class, any judge who sits on this case, and any person who previously settled or adjudicated a claim involving a dispute over the claims asserted herein during the class period.

**A.     ASCERTAINABILITY**

84.    Plaintiff is informed and believes that it is administratively feasible to determine class members with Defendants' records of assessed PlatePass fees.

**B.     NUMEROSITY**

85.    Plaintiff is informed and believes that tens of thousands or hundreds of thousands of individuals are in the proposed class.

**C.     COMMONALITY**

86.    Members of the Unfair Business Practices Class share common issues of law, including whether Defendants' failure to disclose the fact that Hertz renters are able to pay the Golden Gate Bridge toll online, over the phone, or at a cash-payment kiosks within 48 hours of crossing the bridge, or by mail upon receipt of a toll invoice, thereby avoiding the PlatePass service fee, is a violation of the "unfair" prong of the UCL.

87.    The common issue of law can be answered with proof common to members of the Unfair Business Practices Class, including that it is Defendants' uniform practice to fail to disclose the fact that Hertz renters are able to pay the Golden Gate Bridge toll online, over the phone, or at a cash-payment kiosks within 48 hours of crossing the bridge, or by mail upon receipt of a toll invoice, thereby avoiding the PlatePass service fee.

88.    Members of the Unfair Business Practices Class share common issues of fact, including whether Defendants' failure to disclose the fact that Hertz renters are able to pay the Golden Gate Bridge toll online, over the phone, or at a cash-payment kiosks within 48 hours of crossing the bridge, or by mail upon receipt of a toll invoice, thereby avoiding the PlatePass service fee, is an immoral, unethical, oppressive, unscrupulous, or substantially injurious business practice to consumers, and/or whether the utility of this failure to disclose is exceeded by the gravity of the harm caused by it.

//

//

**D.     TYPICALITY**

89.    Plaintiff's UCL (Unfair Business Practices) claim is reasonably co-extensive with the claims of the members of the Unfair Business Practices Class, if not substantially identical.

**E.     ADEQUACY**

90.    Plaintiff is a member of the Unfair Business Practices Class and will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has no conflicts of interests with members of the Unfair Business Practices Class and will prosecute the action vigorously on behalf of the Class.

91.    Counsel for Plaintiff is competent and experienced in litigating class actions and will fairly and adequately represent and protect the interests of the members of the Unfair Business Practices Class. Counsel has no conflicts of interests with members of the Unfair Business Practices Class and will prosecute the action vigorously on behalf of the class.

**F.     PREDOMINANCE**

92.    Common questions of law and fact predominate over individual issues with respect to Plaintiff's unfair business practices claim because Defendants' practice of failing to disclose the fact that Hertz renters are able to pay the Golden Gate Bridge toll online, over the phone, or at a cash-payment kiosks within 48 hours of crossing the bridge, or by mail upon receipt of a toll invoice, thereby avoiding the PlatePass service fee is a uniform non-disclosure.

**G.     SUPERIORITY**

93.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because of the small monetary value of the unfair business practices claim asserted by members of the Unfair Business Practices Class and because adjudicating Plaintiff's unfair business practices claim on a class basis will be

significantly less burdensome to the judicial system than if the matter were prosecuted individually.

## XIII. CLASS ALLEGATIONS (UCL CLAIM – FRAUDULENT BUSINESS PRACTICES)

94. Plaintiff's claim for Defendants' violation of the "fraudulent" prong of the UCL is brought on behalf of himself and all others similarly situated pursuant to the class action mechanism set forth in Federal Rule of Civil Procedure 23(a) and (b)(3).

95. This putative class, hereafter referred to as the "Fraudulent Business Practices Class" is defined as:

> All individuals who, between March 27, 2013 and the resolution of this action, rented a car from a Hertz location in California and who were charged a PlatePass fee arising exclusively from driving through the Golden Gate Bridge toll plaza.

96. Excluded from the class are Defendants' officers and directors, attorney(s) for the class, any judge who sits on this case, and any person who previously settled or adjudicated a claim involving a dispute over the claims asserted herein during the class period.

## A. ASCERTAINABILITY

97. Plaintiff is informed and believes that it is administratively feasible to determine class members with Defendants' records of assessed PlatePass fees.

## B. NUMEROSITY

98. Plaintiff is informed and believes that tens of thousands or hundreds of thousands of individuals are in the proposed class.

## C. COMMONALITY

99. Members of the Fraudulent Business Practices Class share common issues of law, including whether Defendants' representation to the public that it is not possible to pay the Golden Gate Bridge toll with cash, and their failure to disclose the fact that Hertz renters are able to pay the Golden Gate Bridge toll online, over the phone, or at a cash-

payment kiosks within 48 hours of crossing the bridge, or by mail upon receipt of a toll invoice, thereby avoiding the PlatePass service fee, is a violation of the "fraudulent" prong of the UCL because it is likely to deceive members of the public.

100.    The common issue of law can be answered with proof common to members of the Fraudulent Business Practices Class, including that Defendants uniformly inform the public that it is not possible to pay the Golden Gate Bridge toll with cash, and also uniformly fail to disclose to the public the fact that Hertz renters are able to pay the Golden Gate Bridge toll online, over the phone, or at a cash-payment kiosks within 48 hours of crossing the bridge, or by mail upon receipt of a toll invoice, thereby avoiding the PlatePass service fee.

**D.    TYPICALITY**

101.    Plaintiff's fraudulent business practices claim is reasonably co-extensive with the claims of the members of the Fraudulent Business Practices Class, if not substantially identical.

**E.    ADEQUACY**

102.    Plaintiff is a member of the Fraudulent Business Practices Class and will fairly and adequately represent and protect the interests of the members of the Fraudulent Business Practices Class. Plaintiff has no conflicts of interests with members of the Fraudulent Business Practices Class and will prosecute the action vigorously on behalf of the class.

103.    Counsel for Plaintiff is competent and experienced in litigating class actions and will fairly and adequately represent and protect the interests of the members of the Fraudulent Business Practices Class. Counsel has no conflicts of interests with members of the Fraudulent Business Practices Class and will prosecute the action vigorously on behalf of the class.

**F.    PREDOMINANCE**

104.    Common questions of law and fact predominate over individual issues with respect to Plaintiff's fraudulent business practices claim because Defendants uniformly inform the

public that it is not possible to pay the Golden Gate Bridge toll with cash, and also uniformly fail to disclose to the public the fact that Hertz renters are able to pay the Golden Gate Bridge toll online, over the phone, or at a cash-payment kiosks within 48 hours of crossing the bridge, or by mail upon receipt of a toll invoice, thereby avoiding the PlatePass service fee.

**G.     SUPERIORITY**

105.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because of the small monetary value of the fraudulent business practices claim asserted by members of the Fraudulent Business Practices Class and because adjudicating Plaintiff's fraudulent business practices claim on a class basis will be significantly less burdensome to the judicial system than if the matter were prosecuted individually.

## **PRAYER FOR RELIEF[2]**

106.    Plaintiff, on behalf of himself and the members of each putative class, prays for relief as follows:

a.      Certification of this action as a class action as described above;

b.      Designation of Plaintiff as representative of each putative class;

c.      Designation of Plaintiff's Counsel as Class Counsel for each putative class;

d.      Restitution pursuant to Cal. Bus. & Prof. Code § 17200, *et seq.* or Cal. Civ. Code § 1780(a);

e.      Injunctive relief pursuant to Cal. Bus. & Prof. Code § 17200, *et seq.* or Cal. Civ. Code § 1780(a);

f.      Attorneys' fees pursuant to Cal. Civ. Code § 1780(e), Cal. Civ. P. § 1021.5, or as provided by the parties' agreement, if any;

---

[2] Pursuant to Cal. Civ. Code § 1782(d), Plaintiff reserves the right to amend his complaint to include a request for actual damages, statutory damages, and punitive damages pursuant to Cal. Civ. Code § 1780(a) after he meets the notice requirements of Cal. Civ. Code § 1782.

g.      Costs pursuant to Fed. R. Civ. P. 54(d), Local Rule 292, Cal. Code Civ. P. § 1021, or as provided by the parties' agreement, if any;

h.      Interest to the extent provided by law; and

i.      Such other relief as the Court may deem just.


## REQUEST FOR JURY TRIAL

Plaintiff, on behalf of himself and all other similarly situated, requests a jury trial on all issues so triable.


Dated: June 26, 2015                          Carlson Legal Services


                                              By: ____/s/_ Matthew D. Carlson_____
                                                  Matthew D. Carlson
                                                  Attorney for Plaintiff